774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hilton Hazelwood and Kathryn W. Hazelwood, Plaintiffs-Appellants,
v.
United States of America, Defendant-Appellee.
 No. 85-5193
 United States Court of Appeals, Sixth Circuit.
 9/26/85
 
 1
 W.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: ENGEL and KEITH, Circuit Judges; and WISEMAN, District Judge*.
 
 
 3
 These two pro se plaintiffs appeal from a district court judgment dismissing their tax refund suit for being frivolous and further imposing a $200 sanction against their attorney for filing the suit. The attorney withdrew his representation after entry of the judgment.
 
 
 4
 Plaintiffs sought a refund of their federal income taxes paid in the years 1980, 1981 and 1982. Plaintiffs argued that they are entitled to a refund because the federal income tax laws violate the uniformity clause contained in section eight of Article I of the federal constitution. In their response to the government's motion to dismiss filed in the district court, plaintiffs explained that the Supreme Court case of Knowlton v. Moore, 178 U.S. 41 (1900), interpreting the uniformity clause to require geographic uniformity, is flawed because the Court failed 'to recognize that the Uniformity Clause was devised for the purpose of establishing a formula to which Congress must adhere in laying duties, imposts and excises.' On appeal, the plaintiffs reiterate this argument in their briefs, and also submit that sanctions should not be applied to them for bringing this appeal.
 
 
 5
 Upon consideration of the district court record in light of the arguments presented by the parties in their respective briefs, this Court concludes that the district court properly dismissed plaintiffs' action. Contrary to the plaintiffs' contention, the Supreme Court exhaustively studied the framers' intent in enacting the uniformity clause in its opinion of Knowlton v. Moore, 178 U.S. at 83-109, and, therefore, it found ample support for its conclusions. The clause was proposed as one of several measures designed to limit the national government's authority to wield its power over commerce to the disadvantage of particular states. See United States v. Ptasynski, 462 U.S. 74, 81 (1983). While use of a mathematical formula is not prohibited by the clause, it was also clearly not an intended requirement which was felt to be necessary in order to mollify the concerns of regionalism that may be exerted by the national government.
 
 
 6
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. The Government's request for costs and damages pursuant to Rule 38, Federal Rules of Appellate Procedure, is, however, denied.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation